W. FLETCHER, Circuit Judge,
concurring:
In my view, the written plea agreement did not waive Butts’s right to appeal his Fourth Amendment claim. The majority relies on the following sentence in the plea agreement in support of its holding: “By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.” That sentence appears in the section of the plea agreement entitled “WAIVER OF CONSTITUTIONAL RIGHTS.” It does not appear in the section of the plea agreement entitled “LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK.” In context, the quoted sentence is an agreement not to “pursue” a “Fourth Amendment claim[ ]” in the district court. It is not an agreement to waive the right to appeal the *220 already rendered ruling by the district court on Butts’s suppression motion.
However, I would affirm the district court’s ruling on Butts’s Fourth Amendment claim on the merits. The search warrant for Butts’s sister was valid. The police had reason to believe that she was in the house despite Butts’s denial. Because they had reason to believe she was in the house, they were justified in requiring that the locked room be opened. When the door to the room was opened, the marijuana was in plain view. Based on the presence of the marijuana in the room, a second warrant was obtained. This second warrant justified the search of the room.
In all other respects, I agree with the majority.